AUGUSTUS F. POST, PLAINTIFF IN ERROR, V. SCHOOL
   DISTRICT No. 10, GAGE COUNTY, DEFENDANT IN
   ERROR.

1.  **Evidence:** LOST PAPERS: SECONDARY EVIDENCE. Where it is
    sought to prove by a member of a law firm after its dissolution
    that he has made search for certain instruments sent to the firm
    and that he cannot find them, in order to admit secondary evi-
    dence of their contents it must be made to appear that he re-
    tained the possession of the same, and that search was made in
    such places as the instruments, if in existence, in all probabil-
    ity would be found.

2.  **School District Bonds.** Where the execution and validity
    of certain school bonds were denied; *Held*, That unless there
    was some proof of their issue, sale, or ratification by the dis-
    trict, the court should direct a verdict for the defendant.

ERROR to the district court of Gage county. Tried
below before BROADY, J.

*S. J. Tuttle,* for plaintiff in error.

*L. W. Colby* and *Hazlett & Bates,* for defendant in error.

MAXWELL, CH. J.

This action was brought in the district court of Gage
county upon two instruments purporting to be the bonds
of School District No. 10 of that county. The following
is a copy of one of the instruments :

" State of Nebraska, county of Gage, School District
No. 10, redeemable after one year and payable five years
from date, authorized by vote May 11, 1871, total amount
of bonds $2,000. It is hereby certified that School Dis-
trict No. 10 of Gage county, in the State of Nebraska, is
indebted to the bearer in the sum of one hundred dollars,
redeemable at the pleasure of said district after the 1st
day of July, 1872, and payable at the office of the treas-

urer of said district on the 1st day of July, 1876, with interest from the 1st day of July, 1871, inclusive, at 10 per cent per annum, payable on the 1st day of July in each year on the presentation of the proper coupon hereto attached.

This debt is authorized by vote of said district, taken May 11th, 1871, under an act of the state of Nebraska, entitled an act to establish a system of public instruction for the state of Nebraska, approved February 15th, 1869.

No. 18. (Signed)    THOMAS M. STERILL, *Moderator,*
. IRA DIXON, *Treasurer,*
G. T. LOOMIS, *Director,*
*District Officers, Gage County, Nebraska."*

The second instrument is numbered 20 and is in substantially the same form as the preceding.    To this petition the school district filed an answer in which "it denies each and every allegation in said petition contained, and it denies that said defendant ever voted, made, signed, executed, or delivered said bonds," etc.    On the trial of the cause the jury found a verdict for the defendant, and the court dismissed the action.    The errors relied upon in this court are the giving and refusing of certain instructions.

The attorneys for the defendant contend that there was not sufficient evidence to entitle the plaintiff to recover and that he was not injured by the instructions given and refused.    The bonds sued on were not offered in evidence. It is claimed that they are lost.    The proof of loss is as follows: In July, 1876, the plaintiff's attorneys sent the bonds in question to a law firm at Beatrice.    This firm seems to have brought an action on said bonds in the county court of Gage county.    Afterwards the action was dismissed before judgment, for some cause that does not appear.    The law firm was afterwards dissolved, one of the partners remaining and the other removing to another state.    The resident partner testified that he supposed they

(the bonds) were in his safe until a short time before the trial; that he did not remember having seen them since 1878.   The time when his partner left does not appear, nor is there any proof as to what disposition was made of the business of the firm.   This certainly is not sufficient to prove the loss of the instruments.   Where a paper is shown to have been in the custody of a certain person or may be presumed to have been in his possession he must in general be called and sworn to account for it if within the reach of the process of the court.   1 Greenleaf Ev., 558. The degree of proof required is merely to establish a reasonable presumption of the loss of the instrument, and that the party has in good faith exhausted in a reasonable degree all the sources of information and means of discovery which the nature of the case would naturally suggest and which were accessible to him.   1 Greenleaf Ev., § 558.   For aught that appears the original instruments may have been returned to the plaintiff or may be in the possession of the absent attorney.

In *Judson v. Eslava,* Minor (Ala.), 71, an attorney testified that he filed a note among the papers in a cause, and that he had since searched and could not find it; that the last he saw of it it was in the possession of one H. T.; it was held that without some effort made to obtain the testimony of H. T., or some excuse for not having done so, secondary evidence was not admissible.

In the case at bar no doubt there was a sufficient cause for dismissing the action in the county court in 1876.   So far as appears there was no necessity for the law firm at Beatrice to retain the possession of the instruments after the dismissal of the action.   It is not shown that the member of the firm who testified retained possession of the law office and business of the firm, or that he has had possession of the instruments since the dissolution—in other words, that his office was the proper place to make a search. There was not sufficient proof of loss, therefore, to admit

secondary evidence of the contents of the instruments. Their production seems to have been especially necessary from the fact that their genuineness is denied, and the testimony fails to show that they have been recognized by the district in any manner or form, either by their sale, receipt of the purchase money, levy of a tax for their payment, the payment of any interest thereon, or that the district issued them. Some proof certainly was necessary on some of these points, under the issue made by the pleadings, to entitle the plaintiff to recover. The court would have been justified, therefore, in directing a verdict for the defendant, and there was no question to submit to the jury. The judgment is clearly right and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.